# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LUIS SANTANA,**

      **Plaintiff,**

**v.**                                                    **Case No.  8:12-cv-506-T-30MAP**

**GALLO BUILDING SERVICES, INC.,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss or in the Alternative, to Strike Defendant's Counterclaims to the Extent Defendant Is Seeking Affirmative Relief (Dkt. 19) and Defendant's Response in opposition (Dkt. 20).  The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied to the extent that it requests the Court to dismiss, or strike, Defendant's counterclaims, and should be granted to the extent that Defendant may maintain its counterclaims solely as a set-off.

## BACKGROUND

Plaintiff Luis Santana brought this action against his former employer, Defendant Gallo Building Services, Inc. ("Gallo"), for unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA"), and Florida law. Santana alleges that, during his employment, Gallo failed to pay him the applicable overtime wages for all hours worked over forty in a workweek.

On October 25, 2012, Gallo filed its amended answer, defenses, and counterclaims. Gallo alleges counterclaims for breach of contract and unjust enrichment against Santana related to Santana's breach of a loan that Gallo provided to Santana in the amount of $4,500. Gallo asserts that the Court has supplemental subject matter jurisdiction over these claims pursuant to 28 U.S.C. §1367 and Rule 13 of the Federal Rules of Civil Procedure.

Santana now moves to dismiss Gallo's counterclaims for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the counterclaims are not compulsory. Santana acknowledges that the counterclaims could proceed solely as claims for set-off.

## DISCUSSION

This Court clearly has federal question jurisdiction over Santana's FLSA claims, which arise under federal statutes. The source of jurisdiction over Gallo's counterclaims is not as clear. Gallo does not plead any independent basis for federal jurisdiction over its counterclaims, nor can the Court discern any such independent basis, since they arise under Florida law. And Gallo alleges that the Court has supplemental jurisdiction over its counterclaims. In order to have supplemental jurisdiction, however, the counterclaims must sufficiently relate to Santana's original claims "that they form part of the same case or controversy under Article III of the Constitution." 28 U.S.C. § 1367(a). In other words, the Court has supplemental jurisdiction over compulsory counterclaims. *See Moore v. As-Com, Inc.,* 2006 WL 1037108, at *1 (M.D. Fla. Apr. 19, 2006).

Thus, the question is whether Gallo's counterclaims are compulsory or permissive. A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ...."  Fed. R. Civ. P. 13(a).  In determining whether a counterclaim is compulsory, courts in the Eleventh Circuit apply the "logical relationship" test. *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.,* 755 F.2d 1453, 1455 (11th Cir. 1985) (citing *United States v. Aronson,* 617 F.2d 119, 121 (5th Cir. 1980))[1]. Under this test, "a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.,* 426 F.2d 709, 714 (5th Cir. 1970).  "[T]here is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.,* 755 F.2d at 1455 (internal quotation marks omitted).

A review of Gallo's counterclaims for breach of contract and unjust enrichment regarding an unpaid loan demonstrates that the claims rely upon facts entirely distinct from most of the facts needed for the prosecution and defense of Santana's FLSA claims.  For example, Santana's FLSA claims require facts related to the number of hours he worked, his job responsibilities and duties (to determine the issue of exemption), and the amount that he

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

was paid for the hours he worked. These facts are not logically related to the facts surrounding the alleged loan agreement between Santana and Gallo. Thus, applying the logical relationship test, the Court finds that Gallo's counterclaims are permissive rather than compulsory. In other words, separate trials of these separate claims would not "involve substantial duplication of effort and time by the parties and the courts." *See Revere Copper & Brass, Inc.,* 426 F.2d at 714.

The Court's conclusion that Gallo's counterclaims are permissive does not amount to a dismissal of the counterclaims. Rather, and as the parties appear to acknowledge, the Court can exercise jurisdiction over a permissive counterclaim with no independent basis for federal jurisdiction where the counterclaim is seeking only a set-off. *See Mercer v. Palm Harbor Homes, Inc.*, 2005 WL 3019302, at *2 (M.D. Fla. Nov. 10, 2005). "However, while a set-off is a well recognized exception to the independent jurisdictional requirement for permissive counterclaims, it is to be used solely to defeat or reduce recovery and does not seek affirmative relief." *Id.*

Thus, the Court denies Santana's motion to dismiss, or, in the alternative, to strike Gallo's counterclaims because the counterclaims may be used as a set-off for the purpose of reducing any recovery Santana may obtain on his claims. "[S]hould the amount of set-off exceed those damages recovered by [Santana], [Gallo] will not be permitted to recover from [Santana] the difference between the two amounts. If [Gallo] wishes to recover the full amount of [its] claim, [it] must file a separate action in the appropriate forum." *Id.*

It is therefore ORDERED AND ADJUDGED that, for the reasons stated herein:

1.      Plaintiff's Motion to Dismiss or in the Alternative, to Strike Defendant's Counterclaims to the Extent Defendant Is Seeking Affirmative Relief (Dkt. 19) is denied to the extent that it requests the Court to dismiss, or strike, Defendant's counterclaims, and is granted to the extent that Defendant may maintain its counterclaims solely as a set-off.

2.      Plaintiff shall file an answer to Defendant's counterclaims within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-506.mtdCC19.frm